IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH A. HONSINGER and<br>LISA A. ALBRIGHT, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | ) | Case No. 06-0018-CV-W-ODS |
| | ) | |
| UMB BANK, N.A. and<br>LORENE LOCKWOOD, in her capacity<br>as Personal Representative for the<br>Estate of James Lockwood, | )<br>)<br>)<br>) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO EXCLUDE THE EXPERT TESTIMONY OF FRANCIS M. HANNA

Pending is Plaintiffs' Motion to Exclude Expert Testimony of Francis M. Hanna (Doc. # 76). For the following reasons, Plaintiffs' Motion is granted in part and denied in part.

Plaintiffs, as trust beneficiaries, brought this suit seeking relief for the alleged breach of trust, breach of fiduciary duties, negligence, and fraudulent concealment by Defendant Trustees. Plaintiffs claim Defendants acted improperly by selling property that had been used as a quarry, without investigating the property's value as a quarry, and instead sold the property based on its value as vacant land.

Defendant UMB Bank, n.a. ("UMB") has designated Francis M. Hanna, a law professor at the University of Missouri-Kansas City, to testify as an expert to five opinions:

1. The trustees' decision to sell the Gardner Quarry Property was reasonable and prudent under the circumstances, particularly in view of the potential CERCLA liabilities and the opportunity to receive from the buyer an indemnification from those potential liabilities ("Opinion 1").

2. The retention of Champagne Appraisal, Inc., for purposes of valuation for both defending the federal estate tax return and the subsequent sale of the Gardner Quarry Property was within the standard of care for trustees and

therefore did not violate any fiduciary duties ("Opinion 2").

3. The reliance on the Champagne appraisal for selling the Gardner Quarry Property was within the standard of care for trustees and therefore did not violate any fiduciary duties ("Opinion 3").

4. If the court should determine that the fair market value of the Gardner Quarry Property at both the date of the decedent's death and the subsequent date of the sale of the property should have been the higher value based on the Pincomb appraisal, federal tax law would have required the estate to file an amended federal estate tax return reflecting the higher value, thereby generating an additional estate tax at the marginal rate of 60%, and thus reducing by that percentage the additional sales proceeds, if any, that would have funded the trust in 1996 ("Opinion 4").

5. If the trustees are successful in this litigation, they are entitled to reimbursement for all the expenses that they incurred in defending this lawsuit, including reasonable attorney's fees ("Opinion 5").

*A. Opinion 1*

Plaintiffs contend that Opinion 1 should be excluded as irrelevant and unhelpful to the fact-finder because it concerns an issue not in dispute. Plaintiffs' Suggestions in Support p. 8. Plaintiffs state that they do not claim that Defendants' fundamental decision to sell the property violated the Defendants' duties as trustees. Rather, Plaintiffs' claims focus on the Defendants' failure to obtain adequate value for the property by failing to investigate the property's value as a quarry and by failing to market the property. Opinion 1 is relevant to whether Defendants' obtained adequate value for the property because it examines the value obtained; specifically, $160,000 and a complete release and indemnification for any and all environmental liability related to the property. Accordingly, Opinion 1 will not be excluded.

*B. Opinions 2 and 3*

Plaintiffs contend that Opinions 2 and 3 should be excluded as inadmissible legal conclusions. Plaintiffs' Suggestions in Support p. 4. In Missouri, expert testimony is admissible to establish the standard of care owed by a professional. See Blevens v. Holcomb, 469 F.3d 692, 694 (8th Cir. 2006). Further, an expert witness may state his

opinion if it will be helpful to the jury in understanding the evidence or in determining a fact in issue. Williams v. Wal-Mart Stores, Inc., 922 F.2d 1357, 1360 (8th Cir. 1990). Such an opinion "is not objectionable merely because it embraces an ultimate issue to be decided by the trier of fact." Id. On the other hand, expert opinion testimony should be excluded if it is "so couched in legal conclusions that it supplies the fact finder with no information other than what the witness believes the verdict should be." Id. (citing Hogan v. AT&T, 812 F.2d 409, 411 (8th Cir. 1987)).

Standing alone, Opinions 2 and 3 would appear to invade the province of the jury by conclusively stating that Defendants actions were "within the standard of care for trustees and therefore did not violate any fiduciary duties." However, UMB's Suggestions in Opposition makes clear that Professor Hanna will first testify about what the applicable standard of care of a professional trustee entails, which will be helpful to the jury. He will then explain how, in his opinion, Defendants' conduct met that standard. UMB's Opp. p. 1. These two components of Opinions 2 and 3 will not be excluded.

Professor Hanna's further conclusion, that Defendants' actions "did not violate any fiduciary duties" will not be admitted, however, as this conclusion is not helpful to the jury and merely tells them what Professor Hanna believes the verdict should be. Accordingly, Professor Hanna's further conclusion in Opinions 2 and 3 will be excluded.

*C. Opinion 4*

Plaintiffs argue that Opinion 4 is irrelevant as inconsistent with the law. However, Opinion 4 rebuts testimony by Plaintiffs' expert witness that the sale proceeds would have been taxed at the 28% capital gain tax rate. The determination of which tax rate would apply is relevant to the damages Plaintiffs have sustained by the allegedly improper sale.

*D. Opinion 5*

Plaintiffs also contend that Opinion 5 is an inadmissible legal conclusion. Plaintiffs' Suggestions in Support p. 7. UMB's Opposition does not refute that assertion. It is within the Court's discretion to award attorneys' fees. Mo. Rev. Stat. § 456.10-

3

1004. Accordingly, Opinion 5, stating Defendants are entitled to reimbursement for all expenses incurred in defending this lawsuit, including attorneys' fees, is not a proper subject of expert testimony and should not be presented to the jury. Opinion 5 will be excluded.

IT IS SO ORDERED.

DATE: November 2, 2007

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT